Daniel E. Fitzpatrick, J.
This is an article 78 proceeding to review a determination of the respondent City Rent and Rehabilitation Administrator which denied petitioner’s application for a certificate of decontrol pursuant to paragraph (12) of subdivision f of section 2 of the Rent, Eviction and Rehabilitation Regulations.
It appears that petitioner is the owner of a certain parcel of real estate situated in the Borough of Queens. On the front part of the lot there is erected a two-story structure occupied by two families and at the rear of the lot there is a separate structure formerly occupied by one family. . The sole access to the rear structure is through a narrow alleyway alongside the front structure and through a yard which is used in common by the tenants in both structures. Neither of them, since the time of original constructions, has been separately owned.
The respondent has determined that the premises consist of one three-family dwelling and is therefore subject to rent control. The petitioner contends that the two structures are separate and distinct and constitute one one-family house and one two-family house. The respondent based her determination on the fact that the addresses of both structures are the same; that they share the same water, gas and sewer lines; that gas and electric meters for the two structures are located in one building and that the two structures are on the same tax lot. The petitioner, on the other hand, contends that the two structures are separate buildings since they have separate heating plants. There is no proof to indicate that the premises have not been used as a multiple dwelling rather than as separate one and two-family homes. Under all the circumstances, it is the opinion of the court that there was substantial evidence to support the respondent’s determination and that it had a rational basis in fact. (See Matter of Cuccia v. Weaver, 9 A D 2d 689.) The petition is dismissed.